UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17-CV-143-TBR-LLK

WILLIAM CHRISTOPHER MOSES,                                              PLAINTIFF

v.

ILLINOIS CENTRAL RAILROAD COMPANY,                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Illinois Central Railroad Company's ("ICRR") Motion for Partial Summary Judgment. [R. 17]. Plaintiff William Christopher Moses responded, [R. 24-1], and ICRR replied, [R. 26]. Fully briefed, this matter is now ripe for adjudication. For the reasons stated herein, ICRR's Motion for Partial Summary Judgment, [R. 17], is DENIED.

**BACKGROUND**

This case centers around an incident that occurred on March 15, 2015 at a railroad freight yard operated by ICRR in Fulton, Kentucky. [R. 1-5 at 8 (First Amended Complaint); R. 17-1 at 2 (ICRR Motion Partial Sum. Judg.).] At the time of the incident, Plaintiff William Moses, the conductor, and Robert Upchurch, the engineer, were moving freight cars on to the proper tracks. [R. 23-5 at 2-3 (Upchurch Depo Excerpt); R. 17-1 at 2; R. 1-5 at 8-9.] This process involved Moses, located on the ground, giving commands by radio to Upchurch, located in the train's cab, to move the train forward or backward. [*Id.*] Moses's exact location and actions at the time of the incident are disputed by the parties. Due to his serious injury, Moses has little memory of the accident. However, he testified:

> I was on the end of the car -- I was on the side of the car on the ladder. I don't know why I was on the ladder but I was on the ladder. My feet slipped off, I'm hanging by my arm, find myself on my knees and tried to get up and I'm hit.

[R. 17-3 at 3 (Moses Depo. Excerpt).] Josh Elliot, who was working in the yard office, caught a "glance" of the accident:

> When I got there we were talking a little bit and then I heard a boom. Cars coupling up, rail cars it sounded like. And then I looked out -- we have a bay window. I looked out it and got a glance of what looked like Moses stumbling. And he was on the east side of the car. . . . So I walked outside the front door, our front door and walked down. There was a car -- a train parked on main two. . . . And then that's when I seen Moses laying there under the car.

[R. 17-4 at 2 (Elliot Depo. Excerpt).] In his First Amended Complaint, counsel for Moses alleged:

> Mr. Moses was in the process of performing a shoving move. To accomplish this move, he positioned himself on the side ladder of a rail car. The engineer then shoved the cars. As Mr. Moses was standing on the ladder and using his radio to control the movement, his feet slipped from the ladder. His slip was caused by a combination of the slippery spillage he had accumulated on his boots and a defective condition in the portion of the ladder on which his feet were positioned. He was left hanging by his arms. The engineer stopped the movement. The slack action from the stop threw Mr. Moses forward and into the path of his moving equipment.

[R. 1-5 at 9.] ICRR disputes this account of the events.

Moses experienced severe injuries due to the rail car running over him, including "multiple fractures to his spine, multiple fractures to his ribs, multiple fractures to his legs, a pneumothorax accompanied by acute respiratory failure, a closed head injury, internal injuries, permanent eye injuries, and other injuries." [R. 1-5 at 9.]

On August 1, 2018, ICRR filed the Motion for Partial Summary Judgment that is currently before the Court. [R. 17.]

**LEGAL STANDARD**

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52).

As the party moving for summary judgment, the defendant must shoulder the burden of showing the absence of a genuine dispute of material fact as to at least one essential element of the plaintiff's claims. Fed. R. Civ. P. 56(c); *see also Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Assuming the defendant satisfies his or her burden of production, the plaintiff "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324).

## DISCUSSION

In its Motion for Partial Summary Judgment, ICRR seeks dismissal of Moses's Third Cause of Action, in which he claims that his injuries were caused, in whole or in part, by the violation of the Federal Safety Appliance Act ("FSAA"), 49 U.S.C. § 20302, and Federal Safety

3

Appliance Standards, 49 C.F.R. § 231.27(e)(2). [R. 17-1 at 6-7.] Specifically, Moses alleges that "the handhold/grab iron/step on which the Plaintiff was riding failed to have the required minimum clearance." [R. 1-5 at 10.]

The United States Supreme Court has stated: "[A] failure of equipment to perform as required by the Safety Appliance Act is in itself an actionable wrong, in no way dependent upon negligence and for the proximate results of which there is liability—a liability that cannot be escaped by proof of care or diligence." *O'Donnell v. Elgin, J. & E. Ry.,* 338 U.S. 384, 390 (1949). Moreover, "[i]f a violation of the Safety Appliance Act is a 'contributory proximate cause' of plaintiff's injury, he is entitled to recover damages." *Erskine v. Consol. Rail Corp.*, 814 F.2d 266, 269 (6th Cir. 1987). The FSAA states:

> Except as provided in subsection (c) of this section and section 20303 of this title, a railroad carrier may use or allow to be used on any of its railroad lines-- a vehicle only if it is equipped with-- . . . (c) secure ladders and running boards when required by the Secretary of Transportation, and, if ladders are required, secure handholds or grab irons on its roof at the top of each ladder . . ..

49 U.S.C. § 20302(a)(1)(c). According to the accompanying regulation, 49 C.F.R. 231.27(e)(2), the side handholds, where Moses was allegedly located at the time of the accident, must have a minimum clearance of "two (2), preferably two and one-half (2 ½) inches." 49 C.F.R. 231.27(e)(2).

On July 9, 2015, Moses's expert, Mike O'Brien, inspected and photographed the freight car involved in the incident, ACFX 68364. [R. 17-6 at 1 (O'Brien Report).] After measuring and photographing the handhold, O'Brien concluded that it had less than the two inches of required clearance. [R. 17-5 at 8 (O'Brien Depo.).]

ICRR contends that the photographs submitted by O'Brien were "manipulated for the purpose of contriving a violation." [R. 17-1 at 14.] First, ICRR argues that O'Brien's

4

measurement is incorrect because "he has measured at a location that is not within the 'clear length' of the handhold." [*Id*. at 10.] Specifically, ICRR contends that O'Brien placed his tape measure on top of a nut or rivet "under the bends, elbows, and radii of the . . . handhold and in a place where it is impossible for a person to place a foot or stand on the handhold." [*Id*.] ICRR quotes the "Manual of Standards and Recommended Practices," published by the American Association of Railroads ("AAR"), for the instruction that the "clear length of one portion of a handhold does not include handhold portions in other directions or bend radii connecting noncontinuous portions of a handhold." [R. 17-7 at 2 (AAR Manual).][1] O'Brien agreed in his deposition that the minimum clearance referred to in § 27(e)(2) is only required along the "clear length" of the handhold; however, O'Brien disagrees with ICRR's contention that his measurement in the photograph was not along the "clear length" of the handhold. [R. 17-5 at 14.] Secondly, ICRR argues that O'Brien's "manipulative measurements become even more apparent" when compared with the photographs taken by ICRR's mechanical expert, Gray Wolf, which indicate that "the 'minimum clearance' is at least two inches along the entire 'clear length.'" [R. 17-1 at 11.]

Before the Court is a situation in which the plaintiff produced an expert who measured the "minimum clearance" distance at under two inches and the defendant produced an expert who measured the "minimum clearance" distance at two inches, or perhaps more. Both experts provided photographs of a tape measure placed over the handhold at the respective measurements. As the Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial" it would be inappropriate for the Court to find in favor of one expert's photograph over the other. *Laster*, 746 F.3d at 726. This

---

[1] The Court notes that the parties do not dispute the applicable Safety Appliance standards, as well as the meaning of "minimum clearance" and "clear length." [*See* R. 24-1 at 1 (Moses Response); R. 26 at 2 (ICRR Reply).]

5

type of disagreement is sufficient to require submission to a jury. Therefore, viewing the record in the light most favorable to the nonmoving party, the Court finds that there is a genuine dispute of material fact, and ICRR's Motion for Partial Summary Judgment, [R. 17], is DENIED.[2]

## CONCLUSION

For the foregoing reasons **IT IS ORDERED**:

(1) Defendant ICRR's Motion for Partial Summary Judgment, [R. 17], is **DENIED**;

(2) Defendant ICRR's request for a hearing and oral argument on this motion, [*See* R. 17 at 1], is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

cc: Counsel of Record

---

[2] ICRR also argues that O'Brien's "testimony and manipulated photographs and measurements are insufficient to save Plaintiff's FSAA claim from summary judgment because they are contradicted by the physical facts." [R. 17-1 at 14.] The "physical facts" ICRR speaks of are the photographs of its expert, Wolf. [*Id*.] As the Court has held that the competing experts' photographs present a genuine dispute of material fact, the Court will disregard this argument.